UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OMMEN BROWN,<br><br>    Petitioner,<br><br>    v.<br><br>DANIEL MONTI,<br><br>    Respondent. | Case No. 18-cv-05215<br>Judge Martha M. Pacold |

**MEMORANDUM OPINION AND ORDER**

Petitioner Ommen Brown, proceeding pro se, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his 2001 Illinois convictions for aggravated criminal sexual assault and aggravated kidnapping. [1].[1] Brown concedes that his petition is untimely and asks this court for permission to file a late petition. He also requests the appointment of counsel. Respondent Teri Kennedy, the Warden at Pontiac Correctional Center, where Brown was incarcerated, moved to dismiss the petition as untimely under 28 U.S.C. § 2244(d), [6], which the court denied without prejudice as to renewal, [29]. Respondent then filed an amended motion to dismiss. [32]. For the reasons below, the motion [32] is granted. Brown's petition for a writ of habeas corpus [1] is dismissed. The court declines to issue a certificate of appealability. The clerk is directed to: (1) terminate respondent Teri Kennedy; (2) add petitioner's current custodian, Daniel Monti, Warden, Centralia Correctional Center, as respondent; (3) alter the case caption to *Brown v. Monti*; and (4) enter final judgment in favor of respondent and against petitioner.

**BACKGROUND**

**I.    State Convictions and Direct Appeal**

Brown was convicted of aggravated criminal sexual assault and aggravated kidnapping in two separate criminal cases in the Circuit Court of Cook County, Case Nos. 97 CR 9597 and 97 CR 9599. This federal habeas case involves only one of the two state cases, No. 97 CR 9597. But at least some state post-conviction

---

[1] Bracketed numbers refer to docket entries and are followed by page and / or paragraph number citations. Page numbers refer to the CM/ECF page number.

proceedings in the two cases were consolidated, so at times filings and decisions in the state court record in this case address both state cases.

The facts underlying Brown's criminal convictions in this case are taken from the appellate defender's *Finley* briefing from a consolidated appeal in the two state cases. [8-11]. On January 6, 1997, 19-year-old T.A. was sexually assaulted in a gangway on the west side of Chicago. *Id.* at 8. A man who had been in the hallway of T.A.'s apartment building followed T.A. down the block and put her in a chokehold. *Id.* at 9. T.A. testified that the man told her "this is a stickup and if you try to scream I will kill you." *Id.* After dragging T.A. into an alley and frisking her for money, the man then forcibly took her to a gangway, shoved her to the ground, and raped her. *Id.* at 9–10. Though T.A. attempted to scream, the man put his hand over her mouth and told her, "Shut up, bitch, or I will kill you. I will shoot you and there is no one [*sic*] is going to help you." *Id.* at 10. After he finished the assault, the man told T.A. he thought she was "cute" and asked for her phone number. *Id.* He then fled the scene.

T.A. reported the rape and received care at a local hospital immediately afterward. *Id.* at 10–11. T.A. had seen the rapist near her high school prior to being assaulted, and she saw him again approximately two months later at a corner store near the high school. *Id.* at 11. The next day, T.A., her sister, and Chicago police officers rode around near her high school, trying to locate the rapist. *Id.* at 11. After seeing Brown on the street, T.A. identified him as the man who attacked her, and officers took him into custody. *Id.* Later DNA testing showed that Brown's DNA matched that on T.A.'s vaginal swab from the hospital. *Id.* at 12.

In 2001, an Illinois jury convicted Brown of two counts of aggravated criminal sexual assault and one count of aggravated kidnapping related to this offense. [8-10] at 2. A judge sentenced him to two consecutive 30-year terms of imprisonment for the aggravated criminal sexual assault convictions and a concurrent 15-year term for the aggravated kidnapping. *Id.*[2] On May 9, 2002, the Illinois Appellate Court affirmed petitioner's convictions on direct appeal. *People v. Brown*, 835 N.E.2d 194 (2002) (table). Brown did not file a petition for leave to appeal (PLA) with the Illinois Supreme Court.

Separately, in the other state case (Circuit Court of Cook County No. 97 CR 9599), in 1998, Brown was convicted in state court after a bench trial of the aggravated criminal sexual assault and aggravated kidnapping of a ninth-grade girl. [8-10] at 1; *see also* Order on Direct Appeal at 1–3, *Brown v. Melvin*, No. 18 C 1440 (N.D. Ill.), ECF No. 8-4. The judge sentenced him to consecutive prison terms of 25 and 15 years. [8-10] at 1. Brown challenged those convictions (in the other

---

[2] The sentences imposed in this case were consecutive to the 25- and 15-year consecutive sentences previously imposed in the other state case. *Brown v. Kennedy*, No. 4-20-0200, 2021 WL 494842, at *1 (Ill. App. Ct. Feb. 10, 2021).

state case) in a separate federal habeas corpus petition. *Brown v. Melvin*, No. 18 C 1440, 2019 WL 978470 (N.D. Ill. Feb. 28, 2019).[3] The other state case is not the subject of this petition.

## II. State Post-Conviction Proceedings

### A. State Post-Conviction Petitions

On November 8, 2002, Brown filed a pro se post-conviction petition in the state trial court attacking his 2001 convictions. [8-10] at 2. He claimed that his trial and appellate counsel were ineffective, that he did not receive due process because he was convicted of both aggravated kidnapping and the predicate offense of aggravated sexual assault, that his sentences were unconstitutional, and that the evidence was insufficient to prove his guilt. [8-11] at 13. On May 8, 2013, the trial court dismissed the petition on respondent's motion. [8-1] at 18.[4] In an oral ruling, the court concluded that petitioner's claims were barred by *res judicata*, were waived, or lacked support. [8-11] at 14.[5]

The Illinois Appellate Court affirmed the trial court's denial of Brown's post-conviction petition, granted the state appellate defender's motion to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and denied Brown's petition for rehearing. *People v. Brown*, No. 1-13-1624 (Ill. App. Ct. Mar. 17, 2015); [8-5]; [8-8] at 77. Petitioner filed a PLA on September 28, 2015, [8-8] at 80, which the Illinois Supreme Court denied on January 20, 2016. *People v. Brown*, 48 N.E.3d 673 (Ill. 2016) (table).

In February 2019, Brown filed an additional state post-conviction petition challenging both the 1998 and 2001 convictions. *Brown v. Kennedy*, No. 4-20-0200, 2021 WL 494842, at *1 (Ill. App. Ct. Feb. 10, 2021). He argued that he was entitled to immediate release for two reasons: (1) that the offense of aggravated criminal sexual assault does not exist; and (2) that his convictions and sentences violated Illinois's "one-act, one-crime" rule. *Id.* The trial court found that Brown's claims failed to assert a basis for collateral relief, that they were barred by collateral

---

[3] That federal habeas petition was dismissed as untimely, *Brown v. Melvin*, 2019 WL 978470, and the Seventh Circuit denied a certificate of appealability, *Brown v. Kennedy*, No. 19-1524 (7th Cir. Nov. 12, 2020).

[4] As another court in this district noted, "it is not entirely clear what caused" the delay between the filing and disposition of the motion, but it "appears that Brown was appointed at least two post-conviction counsel due to his first counsel's health, which might have contributed to the delay." *Brown v. Melvin*, 2019 WL 978470, at *1 n.2.

[5] The court does not have the transcript of the oral ruling.

3

estoppel, and that they were frivolous. *Id.* The Illinois Appellate Court affirmed. *Id.* at *3.

### B.     First 2-1401 Petition for Relief from Judgment

On November 13, 2013, while Brown's appeal from the denial of his first state post-conviction petition (regarding the 2001 convictions) was still pending, he filed in the state trial court a pro se petition for relief from judgment pursuant to 735 ILCS 5/2-1401. [8-10] at 3. He claimed that his indictments for aggravated criminal sexual assault were void because they failed to allege an overt act of threatening the victim. *Id.* On October 16, 2014, after a hearing, the trial court denied petitioner's 2-1401 petition. [8-11] at 15; [32-1]. Petitioners generally must file a petition for relief from judgment under 735 ILCS 5/2-1401 within two years of entry of the judgment they are challenging. 735 ILCS 5/2-1401(c). Thus, the trial court found the petition to be untimely. The trial court also determined that Brown's indictments were not void because he had adequate notice of the charges brought against him and was able to prepare a defense. [8-11] at 15.

Brown appealed the denial of his first 2-1401 petition.[6] On March 30, 2017, the Illinois Appellate Court affirmed, agreeing with the trial court that the first 2-1401 petition was untimely and meritless, and granted the state appellate defender's *Finley* motion to withdraw. [8-10] at 4. The Illinois Supreme Court denied Brown's PLA on January 18, 2018. *Illinois v. Brown*, 94 N.E.3d 675 (Ill. 2018) (table).

### C.     Second 2-1401 Petition for Relief from Judgment

On March 17, 2016, while his appeal from the denial of his first 2-1401 petition was pending, Brown filed a second pro se 2-1401 petition. [32-3] at 3. The second petition challenged the trial court's May 8, 2013 dismissal of Brown's state post-conviction petition and the appellate court's affirmance of that judgment. According to the state appellate defender's *Finley* motion, Brown "averred that since the trial court never entered a written order dismissing his post-conviction petition in [Brown's state post-conviction proceedings], that order was never finalized and the appellate court did not have jurisdiction to grant appellate counsel's motion to

---

[6] Brown's appeal from the denial of his first petition for relief from judgment for his 2001 convictions was consolidated with a separate appeal he had filed related to his 1998 convictions. *See People v. Brown*, Nos. 1-14-3529 & 1-14-3700 (cons.) (Ill. App. Ct. Mar. 30, 2017); [8-10].

4

withdraw and affirm the dismissal of the petition." [32-3] at 8.[7] The trial court denied the petition on May 25, 2016. [32-2].

Brown appealed. On appeal, the state appellate defender moved to withdraw. [32-3]. The Illinois Appellate Court affirmed the judgment, agreeing with the state appellate defender's conclusion that Brown's second petition was frivolous and patently without merit. [32-3] at 12; [32-4] at 4.

### III. Federal Habeas Petition

On July 31, 2018, Brown filed the current federal habeas petition. [1]. Brown acknowledges that the petition is untimely, but he argues that the court should excuse the untimeliness. [1] at 1–18. Additionally, the petition raises the following claims: (1) ineffective assistance of trial counsel for failing to challenge Brown's convictions of both aggravated kidnapping and the predicate offense of aggravated criminal sexual assault as violating double jeopardy principles, the one-act one-crime doctrine, *People v. King*, 363 N.E.2d 838 (Ill. 1977), and the proportionate penalties clause of the Illinois Constitution, [1] at 23, 52–56; (2) insufficiency of the evidence based on the state's alleged failure to prove a requisite overt act for aggravated criminal sexual assault, [1] at 24, 60–64; and (3) ineffective assistance of appellate counsel for failing to argue insufficiency of the evidence, and for failing to raise other unspecified "meritorious issues and or preserve issues for further appellate review," [1] at 23, 57–59.

## ANALYSIS

### I. Timeliness

28 U.S.C. § 2244(d)(1) provides: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of" various dates listed in the statute at § 2244(d)(1)(A)–(D), including, as relevant here, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," § 2244(d)(1)(A). The one-year period is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

---

[7] Brown's second petition for 2-1401 relief is not included in the federal habeas record. The state trial court ruled orally on the petition. The court does not have that transcript and has taken the facts regarding Brown's second 2-1401 petition from the state appellate defender's *Finley* motion. Brown does not present facts or argument contradicting the state appellate defender's characterization of the proceedings related to the second 2-1401 petition.

5

Here, the limitations period began to run on the date Brown's direct appeal proceedings concluded. Brown did not file a PLA from the appellate court's affirmance of his convictions on May 9, 2002. Therefore, his direct appeal proceedings ended on the last date he could have filed a PLA. *Anderson v. Litscher*, 281 F.3d 672, 674 (7th Cir. 2002).

That date is uncertain because of ambiguity in the version of Illinois Supreme Court Rule 315(b) in effect at the time. In 2002, Rule 315(b) allowed a defendant 21 days to file a PLA and the defendant could seek a two-week extension for a total of 35 days. In 2006, Illinois amended the rule to establish a 35-day deadline. *See United States ex rel. Alvarez v. McCann*, No. 08 C 6375, 2009 WL 1606959, at *2 (N.D. Ill. June 9, 2009) (discussing amendment history of Rule 315(b)). Before 2006, it was unclear whether the deadline was 21 or 35 days. *United States ex rel. Baker v. Ramos*, 697 F. Supp. 2d 987, 990–91 & n.3 (N.D. Ill. 2010). But the court need not decide the matter because Brown's habeas petition is untimely even assuming he had 35 days to file a PLA. *See id.* (noting uncertainty about whether to use 21-day or 35-day window, but concluding petition was untimely even using the 35-day window).

Assuming Brown had 35 days to file a PLA, his direct appeal became final on June 13, 2002. The limitations period then ran for 148 days until Brown filed his state court petition for post-conviction relief on November 8, 2002. The limitations period was then tolled from November 8, 2002, until January 20, 2016, when the Illinois Supreme Court denied Brown's PLA. *See Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002) (judgment on post-conviction petition became final when Illinois Supreme Court entered order denying petitioner's PLA). As of January 20, 2016, 148 days had run on the § 2244 limitations period. Therefore, Brown had 217 days, until August 24, 2016, to file his federal habeas petition. He filed it on July 18, 2018, nearly two years later. The petition is untimely unless Brown's 2-1401 petitions for relief from judgment tolled this period.

Brown concedes that his petition is untimely and does not argue that either of his 2-1401 petitions for relief from judgment tolled the § 2244(d) limitations period. Nonetheless, having independently considered the issue, the court determines that neither of these petitions tolled the limitations period.

### A. Brown's First 2-1401 Petition

The first petition had no tolling effect because both the state trial court and appellate court determined that Brown had filed the petition late. Thus, his first 2-1401 petition was not a "properly filed" application for collateral review under § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (where state court rejected post-conviction petition as untimely, petition was not "properly filed" and so

6

petitioner was not entitled to statutory tolling under § 2244(d)(2)); *Johns v. Pierce*, No. 10–1175, 2011 WL 573955, at *1, 3 (C.D. Ill. Feb. 15, 2011) (petition for relief from judgment under 2-1401 did not toll the § 2244(d) limitations period because it was dismissed as untimely by the state court); *United States ex rel. Brost v. Briley*, No. 01 C 2673, 2001 WL 558043, at*2 (N.D. Ill. May 21, 2001) ("But 'properly filed' is critical; a petition that is untimely under state law is not 'properly filed' and does not stop the clock.").

The trial court's alternative holding that the petition lacked merit does not change this outcome. *See Carey v. Saffold,* 536 U.S. 214, 226 (2002) (holding that a clear ruling from a state court that the filing was untimely "would be the end of the matter, regardless of whether it also addressed the merits of the claim"); *Brooks v. Walls*, 301 F.3d 839, 843 (7th Cir. 2002) (holding that the state court's determination that the petition was untimely meant that it was not properly filed, even though the state court also made a finding on the merits). The state trial and appellate courts ruled that Brown's first 2-1401 petition was untimely. Therefore, the first 2-1401 petition was not properly filed and did not toll the § 2244(d) limitations period.

### B. Brown's Second 2-1401 Petition

Respondent is also correct that Brown's second 2-1401 petition did not toll the limitations period because that petition was not an "application for State post-conviction or other collateral review *with respect to the pertinent judgment or claim.*" 28 U.S.C. § 2244(d)(2) (emphasis added).

There is no dispute that a 2-1401 petition is an application for collateral review under Illinois law. *United States ex rel. Giampaolo v. Anglin*, No. 07 C 02612, 2008 WL 4133383, at *1 (N.D. Ill. Aug. 20, 2008). The critical question is whether Brown's second 2-1401 petition was "with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). The court concludes that it was not.

The tolling paragraph in § 2244(d) reads in full: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The phrase "with respect to the pertinent judgment or claim" modifies the phrase "properly filed application for State post-conviction or other collateral proceeding . . . ." So, under the plain language of the statute, to toll the limitations period there must be: (1) an application for State post-conviction or other collateral review; (2) the application must be properly filed; and (3) the application must be with respect to the pertinent judgment or claim. If all three conditions are met, the statute of limitations is tolled for the time the application was pending before the state court. Respondent

7

does not dispute that conditions one and two are met; the focus is limited to condition three.

The key word in the phrase is "pertinent," which Black's Law Dictionary defines as: "of, relating to, or involving the particular issue at hand; relevant." *Pertinent*, Black's Law Dictionary (11th ed. 2019). A non-legal dictionary defines "pertinent" as "[p]ertaining or relating to the matter in hand; relevant to the point; apposite." 11 Oxford English Dictionary 614 (2d ed. 1989). Thus, to toll the period for filing a federal habeas petition, it is not enough that the prisoner brings a post-conviction petition or initiate a collateral proceeding; rather, that proceeding must pertain or relate to the judgment or claim at issue in the federal petition. *See Price v. Pierce*, 617 F.3d 947, 953 (7th Cir. 2010) (concluding that prisoner's state court proceeding seeking DNA testing of evidence from his criminal case did not qualify for tolling under § 2244(d)(2) because it was not a "collateral review of the underlying judgment . . ."); *Collins v. Ercole*, 667 F.3d 247, 251–52 (2d Cir. 2012) ("Interpreting § 2244(d)(2), by its plain language, to toll the limitations period only for those applications that seek review of part or all of the pertinent judgment tracks the statutory structure of the AEDPA statute of limitations."); *Godfrey v. Dretke*, 396 F.3d 681, 687 (5th Cir. 2005) (rejecting tolling when the state proceeding did not purport to challenge the current conviction).

Applying those principles here, Brown's second 2-1401 petition did not toll the one-year statute of limitations. The current federal habeas corpus petition challenges Brown's convictions for aggravated criminal sexual assault and aggravated kidnapping. [1] at 19. In contrast, the second 2-1401 petition alleged that the state trial court erred by announcing its judgment on Brown's post-conviction petition orally as opposed to in writing. The current habeas petition attacks the criminal conviction, while the second 2-1401 petition attacked the resolution of the state post-conviction proceeding. Further, the federal habeas petition does not include a claim regarding the issue raised in the second 2-1401 petition. Thus, the second 2-1401 petition is not "with respect to the pertinent judgment or claim," and does not toll the limitations period under § 2244(d)(2).

A nesting argument could be made in response to this analysis. That argument would be that the second 2-1401 petition attacked the resolution of the post-conviction petition. In turn, the post-conviction petition attacked the criminal convictions that are at issue in the current habeas petition. The nesting argument suggests that the second 2-1401 petition was effectively part of the post-conviction proceeding, and as there is no dispute that the post-conviction proceeding qualifies for tolling because it addressed the judgment reflecting the criminal convictions at issue in the habeas petition, [32] at 4, § 2244(d)(2) tolling should extend to the second 2-1401 petition as well.

8

However, Illinois law defeats this argument by making clear that a post-conviction or 2-1401 proceeding results in a separate judgment; the 2-1401 and post-conviction proceedings do not collapse (or otherwise nest) into each other nor the underlying criminal judgment. *Vangsness v. Deutsche Bank Nat'l Tr. Co.*, No. 12 C 0003, 2012 WL 5989354, at *2 (N.D. Ill. Nov. 29, 2012) ("Under Illinois law, a petition for relief from judgment under 2-1401 is treated as a new proceeding that is separate from the underlying proceeding in which the judgment from which relief is being sought was entered."); *Illinois v. Vasquez*, 718 N.E.2d 356, 673–74 (Ill. App. Ct. 1999) ("A post[-]conviction proceeding is not a direct appeal or a continuation of a criminal case but is an independent, collateral attack on a judgment of conviction.").

\*

To summarize, when an Illinois post-conviction, 2-1401, or other collateral proceeding is used to attack the underlying criminal judgment or a related claim that is later raised in the federal habeas corpus petition, that state proceeding tolls the statute of limitations under § 2244(d)(2). But when, as in this case, the 2-1401 petition does not address the underlying conviction or address any claims raised in the federal habeas petition, then it does not result in tolling. In this case, the 2-1401 petition attacked the post-conviction proceeding, not the criminal judgment nor any claim at issue in this federal habeas petition, and so does not qualify for tolling under § 2244(d)(2).

Without tolling from the second 2-1401 petition, Brown had 217 days, until August 24, 2016, to file his federal habeas petition after the Illinois Supreme Court denied his PLA on January 20, 2016. He filed his federal petition on July 18, 2018, nearly two years after the conclusion of the limitations period.

## II.     Equitable Tolling

The 28 U.S.C. § 2244(d)(2) limitations period is subject to equitable tolling. "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). "[T]olling is rare; it is 'reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing.'" *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) (quoting *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004)). "The petitioner seeking equitable tolling bears the burden of establishing that it is warranted." *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013).

Here, Brown has not met his burden of establishing that he is entitled to equitable tolling. He argues that he should be allowed to file his habeas petition

9

late because he did not receive notice of the Illinois Supreme Court's January 20, 2016, denial of his PLA and that this constitutes extraordinary circumstances. [1] at 1–4. Brown contends that he was moved more than seven times within the prison and the mail may have been lost in the prison mail system, which Brown states happens often, such as by a corrections officer giving Brown's mail to another inmate in a cell where Brown no longer was. *Id.* at 13–14. Brown explains and attaches documentation that he filed an unsuccessful grievance with the prison alleging that the prison failed to deliver him his legal mail. *Id.* at 13–17.

Even assuming that the prison failed to deliver Brown the denial of his PLA, this was not an impediment to Brown timely filing a federal habeas petition. At most, Brown was uncertain about the time for filing his federal petition in the period after he filed his PLA on September 28, 2015. There was nothing in this approximately three-year period preventing Brown from inquiring earlier about the status of his PLA with the clerk of the Illinois Supreme Court. Moreover, if Brown was concerned about the timeliness of his federal petition, nothing prevented him from filing a protective federal petition and asking the federal court to stay and hold in abeyance the federal proceedings until he was certain his state court remedies were exhausted. *See Pace*, 544 U.S. at 416.

Brown counters that (1) he was not required to contact the clerk daily, weekly, monthly, or at all to inquire about his PLA and that there is no deadline for the Illinois Supreme Court to rule on a PLA; (2) the Illinois Supreme Court does not provide updates to pro se petitioners on PLAs; and (3) he had no reason to check on the status of his PLA before June 27, 2018, given the numerous delays throughout his state court proceedings, including the more than ten years that had elapsed between the time he filed his petition for post-conviction relief and its denial. [36] at 4–5.

None of these arguments is persuasive. First, while nothing requires petitioner to inquire about the status of his PLA or gives a time for the Illinois Supreme Court to adjudicate a PLA, Brown eventually (almost three years after filing the PLA) was able to contact the court about his PLA and promptly received a reply. Brown wrote the Illinois Supreme Court on June 27, 2018, inquiring about an update on his PLA, to which the clerk of the Illinois Supreme Court replied on July 2, 2018. [1] at 8. These circumstances do not warrant equitable tolling. *See United States ex rel. Mendez v. Pierson*, 159 F. Supp. 2d 1091, 1094 (N.D. Ill. 2001) (denying equitable tolling where petitioner waited approximately a year to inquire about PLA because he "could have easily discovered the status of his petition for leave to appeal by contacting the Illinois Supreme Court on his own, without the help of counsel, in order to timely file a petition under § 2254 as he has so aptly done here.").

Second, Brown cites *Golden v. Oliver*, 264 F. Supp. 2d 701 (N.D. Ill. 2003), and argues that the clerk does not send pro se petitioners status updates on PLAs. But Brown did not inquire about the status of his PLA until approximately three years after filing it. To the extent Brown is suggesting that he was ignorant of the possibility of inquiring about the status of his PLA earlier than he did, such ignorance does not warrant equitable tolling. *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling.").

Additionally, this case differs from *Golden*. In *Golden*, a petitioner's § 2244(d)(2) limitations period began to run on December 21, 2000, the day the Illinois Appellate Court denied his petition for rehearing. 264 F. Supp. 2d at 702. The petitioner contended that he was never notified of the denial of his petition for rehearing until May 6, 2002, when the state appellate defender's office mailed him a copy of the order. *Id.* at 703. However, within that timeframe, the petitioner had: (1) contacted the Illinois Appellate Court to update his address; (2) requested information from the appellate court in August 2001 about his petition for rehearing (although it is unclear if he received a response); and (3) contacted the appellate court again in April 2002 for a status on his petition and was told to check with his court-appointed attorneys. *Id.* Thus, the petitioner in *Golden* demonstrated that within the approximately one-and-a-half-year period after filing his petition for rehearing, he had been diligently following up with the appellate court regarding his petition. Brown has not made the same showing here.

Third, as to the delays in Brown's state court proceedings, the record does not establish the reasons for the ten-and-a-half-year delay between Brown's filing his postconviction petition and the trial court's adjudication of it. However, Brown's rationale for not inquiring about the status of his PLA—that he thought a delay of three years was routine—does not show that an "extraordinary circumstance *stood in his way*" to prevent timely filing. *Pace*, 544 U.S. at 418 (emphasis added). As respondent notes, Brown only had to inquire about the PLA and the Illinois Supreme Court clerk would have sent him a status update at any time.

Brown has not met his burden of establishing that he is entitled to equitable tolling. He has not shown an extraordinary circumstance or diligence.

### III.   Motion for Appointment of Counsel

A court "may" appoint counsel in a § 2254 case if the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). For the reasons explained above, the petition was untimely. Appointment of counsel is not warranted because though the legal issues are somewhat complex, the petition was untimely and recruited counsel could not change the basic facts that require

dismissal of the petition. *See Lopez v. Dittman*, No. 16 C 754, 2018 WL 2223669, at *4 (W.D. Wis. May 15, 2018). Thus, the "interests of justice" do not require recruiting counsel in this case. *Martel v. Clair*, 565 U.S. 648, 663 (2012). Accordingly, Brown's motion for appointment of counsel is denied.

## IV.     Certificate of Appealability and Notice of Appeal Rights

The court declines to issue a certificate of appealability. "A certificate may issue only as to those claims for which the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Although the court does not reach the merits of Brown's claims, nevertheless a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

Here, a reasonable jurist would not find it debatable that the habeas petition is time-barred. Accordingly, the court declines to issue a certificate of appealability.

Brown is advised that this is a final decision ending his case in this court. If Brown wishes to appeal, he must file a notice of appeal with this court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1).

Brown need not bring a motion to reconsider this court's ruling to preserve his appellate rights. However, if Brown wishes the court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b).

Any Rule 59(e) motion must be filed within 28 days of the entry of judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing a notice of appeal until the Rule 59(e) motion is ruled on. *See* Fed. R. App. P. 4(a)(4)(A)(iv).

Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing a notice of appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

## CONCLUSION

Respondent's motion to dismiss [32] is granted. The habeas corpus petition [1] is dismissed as untimely under 28 U.S.C. § 2244(d). The court declines to issue a certificate of appealability.

Date: July 25, 2023 /s/ Martha M. Pacold